J-S28038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY MCCRAE | : | |
| | : | |
| Appellant | : | No. 149 MDA 2022 |

Appeal from the PCRA Order Entered January 5, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001041-2010

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MARCH 8, 2023**

Appellant, Gregory McCrae, appeals from the order entered in the Luzerne County Court of Common Pleas, which dismissed as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

The PCRA court set forth the facts and procedural history of this case as follows.

> On May 10, 2010, an information was filed against [Appellant] charging him with two counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(3).  Counsel was appointed to represent [Appellant], and the matter was scheduled for trial.  On May 10, 2011, however, the parties entered into a plea agreement whereby (1) the Commonwealth agreed to move to amend Count 2 of the information to aggravated harassment by a prisoner, 18 Pa.C.S.A. § 2703; (2) [Appellant] agreed to plead guilty to Count 1 and the amended Count 2; and (3) the parties agreed that [Appellant] would be sentenced to 2 to 4 years' imprisonment on Count 1, consecutive to a sentence [Appellant] was already serving, and 2 to 4 years[']

imprisonment on Count 2, concurrent to the sentence imposed at Count 1.

Following a full colloquy of [Appellant], the [c]ourt accepted the plea, finding that it was voluntarily and knowingly tendered, and imposed the agreed upon sentence. No post-sentence [motions] were filed by [Appellant], nor did he appeal his judgment of sentence to the Superior Court.

On March 31, 2021, [Appellant] filed a *pro se* document titled "Motion to Set Aside the Verdict/Plea Based on After-Discovered Evidence Based on the Discovery of Violations of 18 Pa.C.S.A. § 9112(A) and Pa.R.Crim.P. 510(A)," asking the [c]ourt to dismiss with prejudice the criminal information filed to No. 1041 of 2010." The motion alleged that [Appellant] was eligible for relief based on (a) the ineffectiveness of counsel that undermined the truth determining process, (b) an unlawfully induced guilty plea, and (c) the unavailability at the time of trial of exculpatory evidence.

Construing [Appellant's] March 31, 2021 motion as a PCRA petition, [the court] appointed Attorney Jeffrey Yelen to represent him on June 1, 2021, and scheduled a hearing. Prior to that hearing, however, Attorney Yelen filed (1) a "no merit" letter, indicating that after reviewing [Appellant's] file and contacting [Appellant], he had determined that there was no merit to the PCRA petition, and (2) a motion to withdraw as counsel. In a letter to the [c]ourt in support of his motion to withdraw, Attorney Yelen opined that [Appellant's] PCRA petition was facially untimely and that no exception to the time bar applied, and further, that there was no substantive merit to the allegation raised therein.

Attorney Yelen's motion to withdraw as counsel was subsequently granted, and the [c]ourt filed a notice of intention to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. The notice indicated, *inter alia*, that [Appellant's] PCRA petition was facially untimely, and no exception to the time requirements applied. [Appellant] was informed that he had twenty days in which to respond to the Rule 907 notice. Although [Appellant] did not do so,

he did submit a response to Attorney Yelen's request to withdraw as counsel on September 17, 2021, which addressed the untimeliness of the petition and which [the PCRA c]ourt considered. Thereafter, on December 17, 2021, the [PCRA c]ourt dismissed [Appellant's petition].

(PCRA Court Opinion, 5/3/22, at 1-3) (record citations and footnote omitted).

On January 12, 2022, Appellant filed a *pro se* timely notice of appeal. The court conducted a **Grazier**[1] hearing and appointed counsel to represent Appellant on appeal. On February 28, 2022, the court directed Appellant to file a concise statement in accordance with Pa.R.A.P. 1925(b), and Appellant timely complied on March 19, 2022.

On June 21, 2022, appellate counsel filed a petition for leave to withdraw and a **Turner**/**Finley**[2] brief in this Court. Appellant filed a *pro se* response to counsel's petition and brief on July 7, 2022.

Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing

---

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a **Turner**/**Finley** brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**. Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issue on Appellant's behalf:

Whether the court erred in dismissing the PCRA Petition as untimely[?]

(**Turner/Finley** Brief at 1).

As the timeliness of a PCRA petition is separate from the merits of the petitioner's underlying claim, we must first determine whether the petition is

- 4 -

timely filed. *Commonwealth v. Brensinger*, 218 A.3d 440, 447-48 (Pa.Super. 2019) (*en banc*) (citing *Commonwealth v. Stokes*, 598 Pa. 574, 959 A.2d 306 (2008)). The timeliness of a PCRA petition is a jurisdictional prerequisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003).

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (citing 42 Pa.C.S.A. § 9542). If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition. "[R]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa.Super. 2022), *appeal denied*, No. 317 MAL 2022, 2022 WL 17422510 (Pa. Dec. 6, 2022) (citing *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa.Super. 2007)). *See also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa.Super. 2019) (stating: "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition").

A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).

A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S.A. § 9545(b)(1)(i-iii).[3]

Here, Appellant filed the instant "motion to set aside the verdict/plea based on after-discovered evidence" on March 31, 2021. In his response to counsel's no-merit brief, Appellant insists he is not subject to the PCRA time bar and claims that the court erred in construing his petition under the

_____

[3] These exceptions are:

> i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

confines of the PCRA. (Response to No Merit Brief, filed 7/7/22, at unnumbered page 2). Nevertheless, because Appellant is requesting relief contemplated by the PCRA, we conclude that Appellant's current petition is subject to review within the PCRA, and therefore must comply with the PCRA time limits. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii), (iii), (vi) (describing claims of ineffective assistance of counsel, challenges to validity of guilty plea, and assertions of exculpatory evidence unavailable at time of trial as falling under parameters of PCRA). *See also Fantauzzi, supra* at 995.

The trial court sentenced Appellant on May 10, 2011. Appellant did not file post-sentence motions or a direct appeal. Accordingly, Appellant's judgment of sentence became final 30 days later, on June 9, 2011. *See* Pa.R.A.P. 903(a). Hence, Appellant had until June 9, 2012, to file a timely PCRA petition. The instant petition, filed nearly a decade after the judgment of sentence became final, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, for the court to have jurisdiction over Appellant's claim, Appellant must prove he is eligible under one of the three exceptions to the PCRA's time-bar. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In his response to PCRA counsel's request to withdraw, Appellant claimed that he was entitled to application of the "newly-discovered facts" exception to the PCRA time bar based on a February 15, 2021 order directing Appellant to be fingerprinted. Appellant claims that this recent order to be fingerprinted proves that Appellant was not fingerprinted when

he was originally charged and constitutes "exculpatory evidence."[4] (Response to Request to Withdraw, filed 9/17/21, at ¶4). Appellant acknowledges that he knew of the alleged error at the time of his guilty plea, but Appellant claims that he did not have evidence proving that he was not fingerprinted until he received the recent order directing him to be fingerprinted. Appellant concludes that he fulfilled the requirements of the newly-discovered facts exception to the time bar, and the PCRA court erred by dismissing his petition as untimely filed. We disagree.

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Burton**, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own

---

[4] Appellant insists that the fact that he was not fingerprinted after his arrest is a violation under 18 Pa.C.S.A. § 9112(a) (governing mandatory fingerprinting within 48 hours of arrest) and Pa.R.Crim.P. 510(C)(2) (requiring order directing defendant to submit to fingerprinting to be attached to summons for preliminary hearing).

interests." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011) (citations omitted). However, it does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Shiloh***, 170 A.3d 553, 558 (Pa.Super. 2017) (citation omitted). As such, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id.***

Upon review, we agree with the PCRA court that Appellant has not satisfied the requirements for the newly-discovered fact exception to the PCRA time bar. Appellant admits that he knew he had not been fingerprinted at the time of his plea and that he asked plea counsel to look into his claim of a procedural violation prior to entering his plea. (Response to Request to Withdraw at ¶5). Hence, Appellant's proffered "new" fact was known to him in 2011, and Appellant cannot establish applicability of the exception based on a new source (*i.e.*, the order directing him to be fingerprinted) for that fact. ***See Burton, supra***. Moreover, Appellant has not shown that he could not have uncovered proof of his not having been fingerprinted earlier with the exercise of due diligence. ***See Monaco, supra***. As such, he failed to meet his burden of proving applicability of an exception to the PCRA time bar.

Our independent review does not reveal any applicable timeliness

exceptions or other non-frivolous issues. ***See Turner, supra***. Accordingly, we affirm the court's order dismissing the petition as untimely and grant appellate counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2023